UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| RACHEL H. BYRD, ) | |
| ) | Case No. 1:09-CV-102 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| COMMISSIONER OF THE INTERNAL ) | |
| REVENUE SERVICE, and DEBRA HURST, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## **MEMORANDUM**

Defendants Commissioner of the Internal Revenue Service and Debra Hurst ("Defendants") filed a motion to dismiss the complaint (Court File No. 2). Plaintiff Rachel Byrd ("Plaintiff") did not respond. For the reasons discussed below, the Court will **GRANT** the motion (Court File No. 2) and will **DISMISS** the complaint (Court File No. 1).

Plaintiff filed a complaint seeking a writ of mandamus to stop the Internal Revenue Service and Debra Hurst from processing a lien and levying Plaintiff's property (Court File No. 1). Plaintiff also seeks an order requiring Defendants provide her with her official tax assessment records. Defendants contend Plaintiff previously agreed she owed the United States approximately $200,000 in unpaid tax liability (Court File No. 3, Ex. 1). In addition, Defendants assert Plaintiff was given official tax assessment records (Court File No. 3, Ex. 2). Defendants filed a motion to dismiss under Fed. R. Civ. P. 12(b)(1), (5), and (6) for lack of subject matter jurisdiction, insufficient service of process, and failure to state a claim (Court File No. 2).

Defendants argue the complaint should be dismissed because Plaintiff failed to properly

serve the Commissioner of the Internal Revenue Service or Debra Hurst. Since a United States officer and employee are being sued in their official capacities, service is governed by Fed. R. Civ. P. 4(i)(2). To properly serve Defendants, Plaintiff must "serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2). In order to serve the United States, Plaintiff must "(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought . . . or (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office." Fed. R. Civ. P. 4(i)(1)(A). Plaintiff must also "send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C." Fed. R. Civ. P. 4(i)(1)(B). According to Defendants, Plaintiff only served the United States attorney and failed to meet the other requirements. This claim, however, does not support a motion to dismiss because the Court is required, under Fed. R. Civ. P. 4(i)(4)(A), to allow Plaintiff additional time to cure her failure since she has served the United States attorney.

Defendants contend the Court lacks subject matter jurisdiction over Plaintiff's claims since Defendants are immune from suit. The United States "may not be sued without its consent and [] the existence of consent is a prerequisite for jurisdiction." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (quoting *United States v. Mitchell*, 463 U.S. 206, 212 (1983)) (internal quotation marks omitted). A suit in mandamus seeks to compel government agents to perform an action. 28 U.S.C. § 1361. In determining whether sovereign immunity is implicated, the "crucial question is whether the relief sought in a suit nominally addressed to the officer is relief against the sovereign." *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 687 (1949). Where a party seeks judicial "compulsion against the sovereign, although nominally directed against the individual officer," the

2

suit "is, in substance, a suit against the Government over which the court, in the absence of consent, has no jurisdiction." *Id.* at 688. Relief sought "nominally against an officer is in fact against the sovereign if the decree would operate against the latter." *Hawaii v. Gordon*, 373 U.S. 57, 58 (1963). Here, Plaintiff seeks a writ of mandamus preventing Defendants from processing a lien and levying Plaintiff's property. Since the relief would operate against the Internal Revenue Service and not the individuals, the Court has no jurisdiction over the case unless sovereign immunity has been waived. Sovereign immunity has not been waived and the Court lacks jurisdiction over the suit.

Defendants also argue Plaintiff's claims are barred by the Anti-Injunction Act, 26 U.S.C. § 7421. The Anti-Injunction Act prohibits suits against the Internal Revenue Service if it is brought for the purpose of restraining the assessment or collection of any tax. *Bob Jones Univ. v. Simon*, 416 U.S. 725, 738 (1974); *Dickens v. United States*, 671 F.2d 969, 971 (6th Cir. 1982). Plaintiff seeks to prevent the Internal Revenue Service from processing a lien and levying Plaintiff's property. Since this claim would intervene in the collection of federal taxes, it is barred by the Anti-Injunction Act.

Finally, Defendants contend Plaintiff's claim seeking her official tax assessment records is moot. An issue is moot where a case or controversy no longer exists or the parties lack a legally cognizable interest in the outcome. *Los Angeles County v. Davis*, 440 U.S. 625, 631 (1979); *Chirco v. Gateway Oaks, L.L.C.*, 384 F.3d 307, 309 (6th Cir. 2004). The burden of proving mootness rests on the party claiming mootness. *Coalition for Gov't Procurement v. Fed. Prison Indus., Inc.*, 365 F.3d 435, 458 (6th Cir. 2004). Defendants filed a copy of Plaintiff's official tax record as well as a shipment receipt demonstrating Defendants previously provided Plaintiff with the record (Court File No. 3, Exhibit 2). The Court determines Defendants have shown Plaintiff's claim is moot and

3

should be dismissed.

For the reasons discussed above, the Court will **GRANT** Defendant's motion to dismiss (Court File No. 2) and will **DISMISS** the complaint (Court File No. 1).

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**